IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| VITAL RECORDS CONTROL,<br>OF FLORIDA, LLC,<br><br>Plaintiff,<br><br>v.<br><br>THE UNITED STATES<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | No. 08-5C<br>(Judge Williams) |

DEFENDANT'S ANSWER

For its answer to the complaint, defendant admits, denies, and alleges as follows:

1. Denies the allegations contained in paragraph 1 for lack of knowledge or information sufficient to form a belief as to their truth.

2. Admits.

3. The allegations contained in paragraph 3 constitute conclusions of law and plaintiff's characterization of its case to which no answer is required; to the extent that they may be deemed allegations of fact, they are denied. Avers that document entitled "Service/Lease Agreement For Record Storage/Imaging Services" referenced in the second sentence of paragraph 3 is attached to the complaint as Exhibit 2, not Exhibit 1.

4. Admits the allegations contained in the first, second, and third sentences of paragraph 4 to the extent supported by the referenced documents, which are the best evidence of their contents; otherwise denies the allegations contained in the first, second, and third sentences of paragraph 4. The August 9, 2007 contracting officer's final decision referenced in the fourth sentence of paragraph 4 is attached to the complaint as Exhibit 1, not Exhibit 2. The allegations contained in the last sentence of paragraph 4 constitute conclusions of law and plaintiff's

characterization of its case to which no answer is required; to the extent that they may be deemed allegations of fact, they are denied.

5. Denies. Avers that, to the extent that plaintiff alleges that the document attached to the complaint as Exhibit 2 is the "Agreement," and assuming, for argument's sake, that constitutes a contract with the United States, the document attached as Exhibit 2 would be the best evidence of its contents.

6. Denies.

7. Denies.

8. Denies that plaintiff possessed any long term obligations to defendant under the alleged "Agreement," and further denies the remaining allegations contained in the first sentence of paragraph 8 for lack of knowledge or information sufficient to form a belief as to their truth. Denies the allegations contained in the second sentence of paragraph 8.

9. Denies that plaintiff possessed any obligations to defendant under the alleged "Agreement." Avers that plaintiff provided defendant with storage space and courier service for defendant's hospital and medical records from on or about July 1, 2006 through on or about August 24, 2006, and that plaintiff was fully compensated for these services.

10. Denies that plaintiff possessed any obligations to defendant under the terms of the alleged "Agreement." Avers that on or about August 25, 2006, Felicia Young, Program Support Assistant, orally informed plaintiff that defendant would no longer engage plaintiff's services.

11. Denies that plaintiff possessed any obligations under the alleged "Agreement" and denies the remaining allegations in paragraph 11 for that reason.

12. The allegations contained in paragraph 12 constitute conclusions of law and plaintiff's characterization of its case to which no answer is required; to the extent that they may be deemed allegations of fact, they are denied.

COUNT I - BREACH OF CONTRACT

13. Defendant's responses to paragraphs 1 through 12 of the complaint are incorporated by reference.

14. Denies.

15. Denies.

16. The allegations contained in paragraph 16 constitute conclusions of law and plaintiff's characterization of its case to which no answer is required; to the extent that they may be deemed allegations of fact, they are denied.

17. Denies. Further, defendant denies that plaintiff is entitled to the relief set forth in the unnumbered paragraph immediately following paragraph 17, or to any relief whatsoever.

COUNT II - RATIFICATION

18. Defendant's responses to paragraphs 1 through 12 of the complaint are incorporated by reference.

19. Denies.

20. Denies that plaintiff possessed any obligations to defendant under the alleged "Agreement." Avers that plaintiff provided defendant with storage space and courier services for defendant's hospital and medical records beginning on or about July 1, 2006 through on or about August 24, 2006, and that plaintiff was fully compensated for these services.

21. Denies that plaintiff possessed any obligations to defendant under the alleged

"Agreement." Avers that plaintiff provided defendant with storage space and courier services for defendant's hospital and medical records beginning on or about July 1, 2006 through on or about August 24, 2006, and that plaintiff was fully compensated for these services.

22. Denies.

23. The allegations contained in paragraph 23 constitute conclusions of law and plaintiff's characterization of its case to which no answer is required; to the extent that they may be deemed allegations of fact, they are denied.

24. Denies. Further, defendant denies that plaintiff is entitled to the relief set forth in the unnumbered paragraph immediately following paragraph 24, or to any relief whatsoever.

25. Denies each and every allegation not previously admitted or otherwise qualified.

## FIRST AFFIRMATIVE DEFENSE

As an affirmative defense, defendant states that individual who signed the document entitled "Service/Lease Agreement For Record Storage/Imaging Services," attached as Exhibit 2 to the complaint, lacked actual authority to bind the United States.

## SECOND AFFIRMATIVE DEFENSE

As an affirmative defense, defendant states that individual who signed the document entitled "Service/Lease Agreement For Record Storage/Imaging Services," attached as Exhibit 2 to the complaint, lacked implied authority to bind the United States.

## THIRD AFFIRMATIVE DEFENSE

As an affirmative defense, defendant states that no one with authority ratified any agreement allegedly memorialized in a document entitled "Service/Lease Agreement For Record Storage/Imaging Services," attached as Exhibit 2 to the complaint.

FOURTH AFFIRMATIVE DEFENSE

As an affirmative defense, defendant states that there was no institutional ratification of any agreement allegedly memorialized in a document entitled "Service/Lease Agreement For Record Storage/Imaging Services," attached as Exhibit 2 to the complaint.

WHEREFORE, defendant, the United States, respectfully requests that the Court dismiss this action and grant defendant such other and further relief as may be just and proper.

Respectfully submitted,

JEFFREY S. BUCHOLTZ
Acting Assistant Attorney General

JEANNE E. DAVIDSON
Director

s/Patricia M. McCarthy
PATRICIA M. McCARTHY
Assistant Director

s/ Dawn E. Goodman
DAWN E. GOODMAN

Trial Attorney
Commercial Litigation Branch
Civil Division
U.S. Department of Justice
Attn: Classification Unit, 8th Floor
1100 L Street, N.W.
Washington, DC 20530
Tel: (202) 616-1067
Fax: (202) 514-8624

March 24, 2008

Attorneys for Defendant

CERTIFICATE OF FILING

I hereby certify that on this 24th day of March, 2008, a copy of the foregoing "DEFENDANT'S ANSWER" was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

s/ Dawn E. Goodman
DAWN E. GOODMAN