**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| VITAL RECORDS CONTROL OF FLORIDA, LLC, | ) | |
| Plaintiff, | ) | No. 08-5C (Judge Williams) |
| v. | ) | |
| THE UNITED STATES | ) | |
| Defendant. | ) | |

**JOINT PRELIMINARY STATUS REPORT**

Plaintiff, Vital Records Control of Florida, LLC ("Plaintiff" or "Vital Records"), and Defendant, the United States, ("Defendant" or "Government") hereby submit the following Joint Preliminary Status Report ("JPSR") pursuant to Appendix A of the Rules of the United States Court of Federal Claims ("RCFC"). This JPSR addresses the requirements of Appendix A, Section III.4 in paragraphs of corresponding designation. For those subjects on which the parties do not agree, the parties submit their respective positions.

**(a)** **Jurisdiction.** The Plaintiff believes that the Court has jurisdiction over the action. At this time, Defendant is unaware of any bar to the Court's exercise of jurisdiction.

**(b)** **Consolidation.** The case should not be consolidated.

**(c)** **Bifurcation.** The issues of liability and damages should not be bifurcated.

**(d)** **Deferral.** Further proceedings in the case should not be deferred.

**(e)** **Remand.** The parties will not request a remand or suspension.

**(f)** **Additional Parties**. No additional parties will be joined at this time.

**(g) Dispositive Motions.** At this time, no party intends to file a motion pursuant to RCFC 12(b) or 12(c). At the present time, the parties each intend to file a motion pursuant to RCFC 56 after discovery has been completed.

**(h) Relevant factual/legal issues:**

**Plaintiff identifies the following relevant facts:**

Effective July 1, 2006, the United States, acting by and through the Department of Veterans Affairs, James A. Haley Veterans' Hospital, entered into a contract with Vital Records. This agreement had a five-year term commencing on July 1, 2006 and continuing through June 30, 2011. The agreement does not provide for termination prior to the end of the five-year term. The Agreement provided that the Plaintiff would provide storage space and courier service for hospital and medical records. In exchange, the Defendant would pay a quarterly fee of $10,200.00 in advance monthly installments. If the Defendant defaults, all installments remaining become due and payable. The agreement also provides that the Defendant shall pay all costs of collection, including reasonable attorney's fees. The Plaintiff began performing its obligations on or about July 1, 2006. The Defendant accepted these services and made payments to the Plaintiff from July 1, 2006 through August 24, 2006. On August 25, 2006, the Defendant orally informed the Plaintiff that it would be discontinuing its relationship with the Plaintiff.

**Defendant identifies the following relevant facts:**

On July 3, 2006, Felicia Young, Program Support Assistant for Information Resource Management Service at the James A. Haley Veterans

Hospital signed a document purporting to be an agreement with an effective date of July 1, 2006. Ms. Young is not a contracting officer. The "Service/Lease Agreement for Record Storage/Imagining Services" and the exhibits thereto were drafted solely by Vital Records. The document states that Vital Records will provide storage space and/or imaging services for a period of 60 months from the effective date in exchange for monthly payments from the customer. The document further states that in the event the customer defaults under the terms of the document, all installments remaining for the term of the alleged contract shall immediately become due and payable. Exhibit A to the document, which was also signed by Ms. Young on July 3, 2006, states that the standard quarterly fee for storage was $40,800.

On August 25, 2006, Ms. Young orally informed Vital Records that the Department of Veterans Affairs ("VA") would no longer be using Vital Records' storage services because of directives recently issued by the Deputy Secretary of the VA. Ms. Young memorialized this conversation in an email on August 28, 2006.

Pursuant to invoices submitted by Vital Records, the VA paid Vital Records a total of $5,283.04 for storage services from June 26, 2006 through August 25, 2006. The VA never made a monthly payment of $10,200.00 or a quarterly payment of $40,800.00.

Vital Records submitted a claim to the VA demanding a buyout of the entire alleged agreement. A VA contracting officer issued a final decision denying this claim. Vital Records seeks review of this decision.

**The parties identify the following relevant issues:**

(1) Was the document signed by Ms. Young an enforceable contract?

(2) Did Ms. Young have express actual authority and/or implied actual authority to enter into the alleged agreement with Vital Records?

(3) Was the alleged agreement ratified by a person with authority to do so?

(4) Did the Defendant breach that alleged agreement?

(5) What damages has the Plaintiff suffered as a result of the Defendant's alleged breach of this agreement?

**(i) Settlement.** The parties will be in a better position to assess the likelihood of settlement and the possibility of alternative dispute resolution after conducting discovery in this case and assessing the litigation risks related to the case.

**(j) Trial.** If this matter is not resolved through settlement or dispositive motion, a trial will be necessary. The parties are not requesting an expedited trial schedule.

**(k) Electronic Case Management.** The parties are not presently aware of special issues regarding electronic case management needs.

**(l) Other information.** The parties are not presently aware of any other information of which the Court should be aware at this time.

**Discovery.** The parties propose the following discovery schedule:

| | | |
|---|---|---|
| a. | Rule 26 Disclosures: | July 1, 2008 |
| b. | Discovery Deadline (Fact and Expert): | December 15, 2008 |
| c. | Dispositive Motion Deadline: | February 2, 2009 |
| d. | Available for trial setting after: | April 1, 2009 |

Date: May 15, 2008

s/ Carol Joseph Coleman
**Carl Joseph Coleman, Esquire**
David C. Potter, Esquire
Fowler White Boggs Banker P.A.
Post Office Box 1567
Fort Myers, Florida 33902
239-334-7892
239-334-3240 facsimile
Attorneys for Plaintiff

Date: May 15, 2008

GREGORY G. KATSAS
Acting Assistant Attorney General

JEANNE E. DAVIDSON
Director

s/ Patricia M. McCarthy
PATRICIA M. McCARTHY
Assistant Director

s/ Dawn E. Goodman
DAWN E. GOODMAN
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
1100 L. Street, N.W.
Attn: Classification Unit
8th Floor
Washington, D.C. 20530
(202) 616-1067 (telephone)
(202) 514-8624

Attorneys for Defendant

**CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that on May 15, 2008, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.

By: /s/ David C. Potter
David C. Potter, Esq.